## STATE COURT OF APPEALS—Continued

No. 201

JONES v. CISSNA et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 148. Decided Nov. 30, 1925

480. EVIDENCE—In an action for commission upon a special contract, where amount of such commission is at issue, evidence showing the reasonable and customary amount is admissible.

ALLREAD, J.

Edwin Jones brought suit in the Franklin Common Pleas upon a special contract to recover 5% commission for the sale or exchange of real estate belonging to Lucy Cissna. Said real estate was also listed for sale with other brokers and evidence was introduced to show that some other broker had effected the sale.

Evidence was also introduced to show that the reasonable and customary commission charged by brokers for the sale or exchange of real estate was 2%. Jones objected to the admission of such evidence. The Common Pleas decided in favor of Cissna and upon prosecution of error, the Court of Appeals held:

1. Evidence tending to prove that a 2% commission was the reasonable and customary charge is admissible to support the claim of Cissna that the special contract of 5% claimed by Jones was not agreed to.

2. Where there is a conflict of evidence as to whether a certain contract was entered into, the fact that such contract was or was not reasonable and customary would have a legitimate bearing in settling the credibility of the witnesses and the weight to be given the testimony.

Judgment affirmed.

Attorneys—Gregg & Patton for Jones; Bush & Clyburn for Cissna; all of Columbus.

———

No. 202

SAGINAW BAY CO. v. THOMPSON et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6192. Decided Nov. 30, 1925

787. MORTGAGES—1. Construction loan mortgages, to be entitled to priority over mechanics liens, must comply strictly with the provisions of 8321-1 GC.

2. A mortgage is not a purchase money mortgage unless given as part of purchase or unless funds derived therefrom are applied toward purchase.

LEVINE, P. J.

The Saginaw Bay Company seeks to enforce a mechanics lien on certain lands by virtue of a contract entered into by and between James C. Thompson and the Saginaw Bay Co. whereby the Company furnished certain material in construction work on said lands.

The Home Savings and Loan Co. attempted to prove construction loan mortgages on said property, but it appears from the testimony that the funds provided by said mortgages were used indiscriminately on two separate parcels of property, no record being kept of the amounts expended towards the construction of each separate house.

The evidence tends to show that the construction was commenced prior to the recording of said construction mortgages. It also appears from the record that one Charlotte Mintz also held a mortgage against said parcels of land, said mortgage being recorded subsequently to those held by the Home Savings and Loan Co. As this mortgage was executed by the owner at the same time that he purchased said land, mortgagee claimed a purchase money mortgage. Evidence tends to show that this mortgage was a purely commercial transaction involving a bonus of $500. The Court of Appeals held:

1. Where a construction loan mortgage is filed on property, and subsequently thereto mechanic's liens are filed on the same property, the work and material on said liens being furnished previously to the recording of said mortgages, the mortgagee must comply strictly with the statute to enable him to establish priority over said mechanic's lien.

2. In determining whether a mortgage is entitled to priority as a purchase money mortgage, the test is not whether the mortgage is given to the vendor, but whether it is used as purchase money.

3. Where a prospective purchaser obtains a loan from a third person to pay the purchase money, and a mortgage is executed to secure such loan as part of the transaction by which the deed was transferred, such mortgage has priority over mechanic's liens arising out of improvements on the property commenced by the purchaser before he acquired title.

4. In this case no evidence was introduced to show that it was so used.

A decree entered for Saginaw Bay Co. and other mechanic's lien holders.

Attorneys—Griswold, Green, Palmer & Hadden for Company; Abraham Kollin and S. B. Tilles for Thompson et; all of Cleveland.